UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
THEDA JACKSON-MAU, on behalf of
herself and all others similarly situated

                     Plaintiff,

   -against-

WALGREEN CO.

                     Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-4868 (FB)(VMS)

*Appearances:*
*For the Plaintiff*:
WOLK POPPER LLP
MATTHEW INSLEY-PRUITT, ESQ.
845 Third Ave.
New York, New York 10022

*For the Defendant*:
BRYAN CAVE LEIGHTON
PAISNER LLP
COURTNEY J. PETERSON, ESQ.
1209 Avenue of the Americas
New York, New York 10104

**BLOCK, Senior District Judge:**

    Plaintiff Theda Jackson-Mau brings this action against Walgreens for violations of New York General Business Law §349, breach of contract, and unjust enrichment. The defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the defendant's motion is granted in part, denied in part.

**I.**

    For purposes of this motion, the Court must take as true all the allegations of the complaint and must draw all inferences in plaintiff's favor. *See Weixel v. Board*

1

*of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## II. Preemption

Walgreens contends that the plaintiff's claims must be dismissed based on preemption because the plaintiff did not allege that she tested the product following the proper FDA testing protocol. Walgreens claims that the plaintiff's failure to allege compliance with FDA testing protocol is an attempt to impose labeling requirements not identical to those set forth by the FDA.

Here, the plaintiff's relevant allegations are as follows: (1) she purchased a bottle labeled Glucosamine Sulfate at Walgreens, (2) she brought the bottle to her counsel, who had the pills professionally analyzed, (3) the lab tests uncovered "that there was ***no*** Glucosamine Sulfate in the pills that were tested" despite the bottle stating the pills contained Glucosamine Sulfate, Complt. ¶21 (emphasis in original), and (4) "[i]t is implausible to consider that [the lab test] is the result of simple manufacturing variance." The plaintiff implicitly concedes that she has not alleged FDA testing compliance, but argues that compliance is not necessary at the pleadings

2

stage. Federal preemption is an affirmative defense; therefore, the defendant bears the burden of proof. *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 251 n. 2 (2011).

The Food, Drug, and Cosmetic Act ("FDCA") grants the Food and Drug Administration ("FDA") the authority to regulate food labels. 21 U.S.C. § 393(b)(2)(A). The Nutrition Labeling and Education Act ("NLEA"), which amended the FDCA, expressly preempts state laws that implement labeling requirements "not identical to the requirement of section 343(q)." 21 U.S.C. § 343-1(a).

The FDA created testing protocols for compliance with its food labelling regulations. These regulations require nutrient analyses to consist of 12 subsamples taken from "12 different randomly chosen shipping cases, to be representative of a lot." 21 C.F.R. §101.9(g). Nutrient analyses may also follow the "'[o]fficial methods of analysis of the AOAC International' or, if no AOAC method is available or appropriate, [] other reliable and appropriate analytical procedures." *Id*.

Circuit courts have not addressed the issue of whether dismissal is proper where the plaintiff failed to allege compliance with FDA testing protocol.[1]

District court caselaw is split on that issue, which has not been addressed by any district court in the Second Circuit. One body of cases has determined that if the plaintiff fails to allege compliance then dismissal is required, regardless of other

---

[1] The Eleventh Circuit, in *Hi-Tech Pharmaceuticals, Inc. v. HBS International Corp.*, 910 F.3d 1186 (11th Cir. 2018), affirmed a dismissal based on preemption, but noted that they "do not reach" the issue of whether dismissal was warranted based on a failure to allege FDA compliant testing.

3

allegations in the complaint.² Another body of cases has determined that specific factual allegations, including independent testing results similar to those in our case, are sufficient to survive dismissal if they allow the court to reasonably infer the defendant's liability.³

This Court opts to deny the motion to dismiss, adopting the reasoning in the second body of cases. This is consistent with the liberal approach to pleading requirements. *See Twombly*, 550 U.S. at 570. The plaintiff has alleged that independent testing results determined that Walgreen's product did not contain any Glucosamine Sulfate, despite being labelled as containing such. Upon this allegation, the Court can plausibly infer the defendant's liability.

Liberally reading the plaintiff's allegations and making all inferences in the plaintiff's favor, the Court denies the motion to dismiss on preemption grounds.

---

² *See Parker v. Wal-Mart Stores, Inc.,* 367 F.Supp.3d 979 (E.D. Mo. 2019); *Welk v. Nutraceutical Corp.,* 3:17-CV-02266-BEN-KSC, 2018 WL 3818033 (S.D. Cal. Aug. 10, 2018); *In re Whole Foods Mkt., Inc.*, 163 F.Supp.3d 385 (W.D. Tex. 2016); *Dougherty v. Source Nats., Inc.*, 148 F. Supp. 3d 831 (E.D. Mo. 2015); *Mee v. I A Nutrition, Inc.*, No. C-14-5006 MMC, 2015 WL 2251303 (N.D. Cal. May 13, 2015); *Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843827 (W.D. Mo. July 8, 2015); *Bruaner v. MusclePharm Corp.*, No. 14-cv-8869-FMO, 2015 WL 4747941 (C.D. Cal. Aug. 11, 2015).

³ *See Carrol v. S.C. Johnsons & Son, Inc.*, No. 17-CV-05828, 2018 WL 1695421 (N.D. Ill. Mar. 29, 2018); *Gubala v. CVS Pharmacy, Inc.,* No. 14-cv-9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016); *Gubala v. HBS Int'l Corp.*, No. 14-cv-9299, 2016 WL 2344583 (N.D. Ill. May 4, 2016); *Clay v. Cytosport, Inc.*, No. 15-cv-165 L(DHB), 2015 WL 5007884 (S.D. Cal. Aug. 19, 2015); *Smith v. Allmax Nutrition, Inc.*, No. 1:15–cv–00744–SAB, 2015 WL 9434768 (E.D. Cal. Dec. 23, 2015).

### III. Unjust Enrichment

The defendant further argues that the plaintiff's unjust enrichment claim must be dismissed as duplicative of her breach of contract and violation of NY GBL §349 claims. Under her unjust enrichment claims, the plaintiff alleges that the product she purchased was misrepresented; therefore, the defendant unjustly profited.

A claim of unjust enrichment must be dismissed where there is "a valid and enforceable written contract governing a particular subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987). There is no dispute that the exchange of consideration for a bottle of Glucosamine Sulfate created a valid contract.

Under her GBL §349 claim and her breach of contract claim, the plaintiff alleges that she suffered damages as a result of the defendant's product being less than what was promised. Her unjust enrichment claim alleges that the defendant received wrongful funds for selling a product that does not contain what was promised. These allegations are nearly identical. *See Nelson v. MillerCoors, LLC*, 246 F.Supp.3d 666, 679 (E.D.N.Y. 2017) ("[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action.").

Because the plaintiff's unjust enrichment claim is duplicative of her other claims and the parties do not dispute the existence of a contract, the unjust enrichment claim is dismissed.

### IV. Injunctive Relief

The defendant claims the plaintiff lacks standing to seek injunctive relief because she fails to allege future injury.

"The Second Circuit has not directly addressed whether plaintiffs alleging claims of false or misleading advertising have standing to seek injunctive relief where the action the plaintiffs seek to enjoin is still ongoing." *Sitt v. Nature's Bounty, Inc.*, No. 15-cv-4199 (MKB), 2016 WL 5372794, at *6 (E.D.N.Y. Sept. 26, 2016). Courts across this circuit are split as to whether a plaintiff has standing where she alleges that she will only purchase a product again if the defendant alters its branding. *See Podpeskar v. Dannon Company, Inc.*, No. 16-cv-8478 (KBF), 2017 WL 6001845, at *4 n.2 (S.D.N.Y. Dec. 3, 2017) (collecting cases); *See also Campbell v. Freshbev LLC*, 322 F.Supp.3d 330, 338 (E.D.N.Y. 2018) (noting that the only Second Circuit summary order on point found no standing because plaintiff stated he would not purchase the product again).

This Court previously found the Ninth Circuit's decision in *Davidson* to be persuasive. *See Campbell*, 322 F.Supp.3d at 337-38 (citing *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)). *Davidson* held that plaintiffs have

standing to seek injunctive relief if they plead a future desire to purchase the product, even if they know the label was previously false. 889 F.3d at 969-70.

Unlike in *Campbell* where the plaintiff did not plead that he intends or desires to purchase the product in the future, the plaintiff here alleges she "would purchase Finest Nutrition Glucosamine Sulfate again if she could be sure that the bottle actually contains what it is supposed to contain." Complt. ¶ 25. That is sufficient future injury to survive the defendant's motion to dismiss.

## V. Jurisdiction

Lastly, the defendant moves to dismiss for lack of jurisdiction with respect to the claims of putative class members residing outside of New York, citing to *Bristol–Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773 (2017). *Bristol-Myers* held that *state courts* lacked personal jurisdiction for claims by out-of-state plaintiffs against an out-of-state defendant that had no connection to the forum state. *Id*.

The plaintiff has yet to bring a motion to certify a class. It is premature to decide whether this Court has jurisdiction over the defendant with respect to the claims of out-of-state class members. *See Simon v. Ultimate Fitness Group, LLC*, No. 19-cv-890 (CM), 2019 WL 4382204 (S.D.N.Y. Aug. 19, 2019); *Bank v. CreditGuard of Am.*, No. 18-cv-1311, 2019 WL 1316966, at *12 (E.D.N.Y. Mar. 22, 2019) ("[I]n contrast to *Bristol-Meyers*, there are no actual 'non-forum state plaintiffs' or putative class members to speak of yet in this case, making Defendants'

7

motion to dismiss or strike patently premature."); *Campbell*, 322 F.Supp.3d at 337-38; *Gonzalez v. Costco Wholesale Corp.*, No. 16-cv-2560 (NGG)(JO), 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018) ("[T]his court will defer its resolution of this issue until Plaintiff files a motion for class certification."). Therefore, the defendant's motion is denied with respect to their claim of lack of jurisdiction.

## VI. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED as to the plaintiff's unjust enrichment claim. The motion is DENIED in all other respects.

**IT IS SO ORDERED.**

                                             /S/ Frederic Block
                                            FREDERIC BLOCK
                                            Senior United States District Judge

October 31, 2019
Brooklyn, New York