```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
THEDA JACKSON MAU, on behalf of herself    :
and others similarly situated,             :
                                           :
                Plaintiff,                 :        ORDER
                                           :   18 Civ. 4868 (FB) (VMS)
        -against-                          :
                                           :
WALGREENS CO.,                             :
                                           :
                Defendant.                 :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

      Before the Court is Plaintiff Theda Jackson Mau's ("Plaintiff") motion for leave to file an amended complaint.  See ECF Nos. 44 through 44-7.  Defendant Walgreens ("Defendant Walgreens" or "Walgreens") and non-party International Vitamin Corporation oppose, see ECF Nos. 44-8 through 44-12, and Plaintiff replies, see ECF No. 44-13.  The Court held a conference on the motion and the parties subsequently supplemented the record.  See ECF Nos. 48, 53-54, 56-58.  The Court has considered all party submissions and grants Plaintiff's motion for the following reasons in addition to those stated on the record at conference.  See ECF Nos. 44, 58; Dkt. Entry 1/6/2021; Dkt. Entry 2/24/2021.  Within two weeks of this Order, Plaintiff must file the amended complaint on the docket.  Within 45 days of this Order, Plaintiff must serve the non-party International Vitamin Company.

      The Court assumes the parties' familiarity with the underlying facts and the procedural history of the case.  In relevant part, Plaintiff's action brings individual and class claims against Defendant Walgreens alleging violations of New York General Business Law § 349 and breach of contract.  See ECF Nos. 1, 27.  In brief, Plaintiff alleges that she purchased a bottle of Glucosamine Sulfate ("GS") at Walgreens in 2018 that laboratory tests later showed did not

1

contain GS. See id. In the instant motion, Plaintiff represents that a company named International Vitamin Corporation ("IVC") supplied the false GS to Walgreens; she moves to add IVC as a Defendant along with clarifying language to her previous allegations. See, e.g., ECF No. 44; see also ECF Nos. 44-6, 44-7. This is Plaintiff's first motion for leave to amend; such a motion should be freely granted unless there is a good reason for denying it, such as futility, bad faith, undue delay or undue prejudice to the opposing party. See Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

IVC argues that Plaintiff's proposed amendment should be denied because it is duplicative of two putative nationwide class actions that Plaintiff's counsel is litigating against IVC in the Central District of California. See ECF No. 53. One of these was filed in 2019 and alleges that defendants Walmart and IVC violated various California laws in connection with Walmart's sale of defective IVC-supplied GS, and the parties there are litigating a motion to dismiss. See Diamos v. Walmart Inc., No. 19 Civ. 5526 (SVW) (GJS) (C.D. Cal.) (filed June 25, 2019). The second was filed in 2020 against defendants Nutra Manufacturing, LLC and IVC (Nutra's majority owner) alleging that non-party GNC's sale of defective Nutra-supplied GS violated various California laws, and the parties there are litigating a summary judgment and class decertification motion. See Amavizca v. Nutra Mfg., LLC, No. 20 Civ. 1324 (RGK) (MAA) (C.D. Cal.) (filed July 22, 2020). Against this backdrop, according to IVC, Plaintiff's motion appears designed to permit her to relitigate any claims against IVC that might be dismissed by the Diamos and/or Amavizca courts. See ECF No. [53]. The Court disagrees. For example, IVC has not shown and it is not self-evident (i) that the defective IVC-sourced GS product bought at Walgreens was identical to the IVC- and/or Nutra-sourced GS products bought at the different sales outlets at issue in Diamos and Amavizca, or (ii) why dismissal of claims

2

made against IVC under California law in Diamos and Amavicza would necessarily mean that Plaintiff cannot sustain her theory of liability against IVC under New York law. See ECF No. 53; Quinn v. Walgreen Co., 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) (finding that a class action suit alleging the sale of a defective GS product presented "neither identical issues nor identical parties" as those in a first-filed case because the plaintiff in the second-filed case raised claims under New York and Connecticut law while the plaintiff in the first-filed case "purchased [the] defendant's product in California and asserts claims under California law"); Bukhari v. Deloitte & Touche LLP, No. 12 Civ. 4290 (PAE), 2012 WL 5904815, at *4 (S.D.N.Y. Nov. 26, 2012) (rejecting the defendant's argument that a first-filed and second-filed putative class action were essentially the same lawsuit because, among other things, "the governing statutes . . . are wholly separate"); Lloyd v. J.P. Morgan Chase & Co., No. 11 Civ. 9305 (LTS), 2012 WL 3339045, at *1 (S.D.N.Y. Aug. 14, 2012) (finding that transfer under first-filed rule unwarranted where "state-law based claims and class definition" in the first-filed action "do not subsume, and their resolution would not be conclusive of, those asserted in [later-filed] action"); In re Investors Funding Corp. Sec. Litig., 523 F. Supp. 550, 560 (S.D.N.Y. 1980) (finding that where no class has as yet been definitively certified in either of two actions that were identical with the exception of the named plaintiffs, "as non-class suits on behalf of separate individuals the actions are not duplicative"); see also Amavizca, No. 20 Civ. 1324 (RGK) (MAA), Docket No. 46 at 9 (C.D. Cal. Oct. 20, 2020) (rejecting IVC's argument seeking to dismiss that litigation as duplicative of Diamos, finding that "because neither this [c]ourt nor [Diamos] has yet to consider a motion for class certification, the [c]ourt concludes that dismissing [the p]laintiff's putative class claims as duplicative of the putative class claims in [Diamos] at this juncture would be premature").

For similar reasons, the Court finds an absence of bad faith, undue delay and undue prejudice in connection with Plaintiff's motion.  Although Plaintiff could have made her motion sooner, discovery in this action has not yet closed, and the parties have acknowledged that certain IVC discovery could be efficiently and expeditiously cross-produced in this action, <u>Diamos</u> and <u>Amavizca</u>.  <u>See</u> ECF No. 48.  In addition, to the extent that Plaintiff's amended pleading includes additional allegations regarding how the GS she purchased was less than what she was promised (for example, by alleging that its actual glucosamine formulation had not demonstrated clinical effectiveness with respect to conditions for which the GS was sold), the Court does not find prejudice in allowing Plaintiff to more specifically articulate a theory of liability that is consistent with what has been the premise of her action.  <u>See, e.g.</u>, ECF Nos. 1, 27.

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file her proposed amended complaint within 14 days of the date of this Order, and to serve the complaint on the new defendant within 45 days of the date of this order.  <u>See</u> ECF No. 44.  On or before June 1, 2021, the parties must file a joint letter with a revised joint proposed scheduling order.

Dated: Brooklyn, New York
May 6, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge