UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEDA JACKSON-MAU, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WALGREEN CO. and INTERNATIONAL VITAMIN CORPORATION,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 18-CV-4868 (FB) (TAM) |

*Appearances:*
*For the Plaintiff*:
MATTHEW INSLEY-PRUITT
Wolf Popper LLP
845 Third Ave.
New York, NY 10022

*For Defendants*:
COURTNEY J. PETERSON
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104

**BLOCK, Senior District Judge:**

In an Order dated January 24, 2023 (the "Order"), the Court granted summary judgment in favor of Defendants Walgreen Co. and International Vitamin Corporation (collectively, "Defendants"). *Jackson-Mau v. Walgreen Co.*, No. 18CV4868FBTAM, 2023 WL 366913 (E.D.N.Y. Jan. 24, 2023). Plaintiff Theda Jackson-Mau ("Jackson-Mau") now asks this Court to reconsider. The Court assumes the party's familiarity with the underlying facts and procedural history. For the reasons discussed below, Jackson-Mau's motion is denied.

1

Rule 59(e) vests courts with the discretion to alter or amend judgments upon a timely motion by a party. "A court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotations omitted). This standard mirrors that for a motion for reconsideration under Local Civil Rule 6.3. *See Liu v. Chau*, No. 1:20-CV-006369, 2022 WL 2274721, at *1 (E.D.N.Y. June 23, 2022). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Jackson-Mau asks the Court to address a clear error or prevent manifest injustice. On "a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (internal quotation omitted). Specifically, Jackson-Mau takes issue with three findings in the Order: (1) that the challenged dietary supplement (the "Product") complies with compendial specifications for glucosamine sulfate potassium chloride; (2) that Jackson-Mau failed to comply with sampling and testing requirements under 21 C.F.R. § 101.9(g)(2) and 21 C.F.R. § 101.36; and (3) that there is consumer

demand for supplements containing a glucosamine blend, as opposed to single-crystal glucosamine.

### 1. The Product's Compliance with Compendial Specifications

Jackson-Mau argues that she did not concede that "the Product complies with USP and EP specifications for glucosamine sulfate potassium chloride," and asserts that the USP monograph actually requires glucosamine to be in single-crystal form. *Jackson-Mau v. Walgreen Co.*, 2023 WL 366913, at *4. This argument relies on a misreading of the Order, which did not find that Jackson-Mau had conceded this point, but simply represented Defendants' position that she had: "Defendants argue that 'glucosamine sulfate potassium chloride' is a suitable name under the regulations because the Product complies with USP and EP specifications for glucosamine sulfate potassium chloride, which Jackson-Mau concedes. *In response, Jackson-Mau argues . . . .*" *Id*. (emphasis added).

Jackson-Mau argues that the Product does not comply with the compendial specifications because while it can pass the reference test (because it "will fool the test into thinking" it is single-crystal glucosamine),[1] it does not match the compendial monograph definition for glucosamine. Pl.'s Mot. Reconsideration at

---

[1] Though not cited in the Order, Jackson-Mau's expert Dr. Niel Spingarn ("Spingarn") admitted in his deposition that "[a] blend of glucosamine hydrochloride with potassium sulfate will meet the specifications of the USP identity test for glucosamine potassium chloride." Dkt. No. 137-16, Spingarn Dep. at 55:22-56:2.

3

2. The Court adequately addressed this argument in the Order, finding that it amounted to a criticism of the compendial sources, not a genuine issue of fact as to whether the Product complied with them. *See Jackson-Mau v. Walgreen Co.*, 2023 WL 366913, at *5.

### 2. Jackson-Mau's Compliance with Sampling and Testing Requirements

Jackson-Mau next takes issue with the Order's finding that her "failure to comply with sampling and testing requirements" preempted her suit "to the extent [it] concern[s] the Product's supplement facts label." *Id.* at *6. But this finding had no effect on the Court's grant of summary judgment, as the Order had already held that claims regarding the supplement facts panel were expressly preempted by other labeling requirements. *Id.* at *3-5; *see also id.* at *6 ("Jackson-Mau's claims, to the extent they concern the Product's supplement facts label, are therefore *additionally* expressly preempted by her failure to comply with sampling and testing requirements") (emphasis added). Even if Jackson-Mau were correct that this conclusion was wrong, it would not entitle her to relief on reconsideration.

### 3. Jackson-Mau's New York General Business Law Claim

Finally, Jackson-Mau objects to the Court's disagreement, in dismissing her general business law claim, with her assertion "that there is no consumer demand for supplements containing the glucosamine blend." *Id.* at *6. She now asserts that there is no consumer demand for the Product because no other dietary supplements

4

contain potassium sulfate specifically. But Spingarn testified that "every [supplement] that we've looked at . . . [is], in fact, the blend and not the single crystal materials," referring to the "blend of glucosamine hydrochloride and potassium sulfate." Dkt. No. 141, Ex. N, Spingarn Dep. at 65:15-23. Furthermore, as noted in the Order, Jackson-Mau's only evidence to support her argument was testimony from Defendant's expert witness Dr. Jesse David, who in fact testified that there is market demand for glucosamine hydrochloride. *See Jackson-Mau v. Walgreen Co.*, 2023 WL 366913, at *8.

Jackson-Mau has failed to identify clear error or a risk of manifest injustice. Her motion for reconsideration must therefore be denied.

## CONCLUSION

For the reasons stated above, Jackson-Mau's motion for reconsideration is denied.

**SO ORDERED.**

                                   _/S/ Frederic Block_
                                   FREDERIC BLOCK
                                   Senior United States District Judge

Brooklyn, New York
April 4, 2023